United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Joey Lee Bogedain,                                              Case No. 06-43044-R
                Debtor.                              Chapter 12
_____/

Opinion and Order Denying Motion for Reconsideration on Credit Counseling

I.

On March 16, 2006, Joey Lee Bogedain filed for Chapter 12 relief. On March 17, 2006, Bogedain filed a motion for order waiving credit counseling due to exigent circumstances. Bogedain argued that this was a family farmer case with issues related to government programs specific to the agricultural industry. Bogedain asserted that credit counseling is not an eligibility requirement for a family farmer under 11 U.S.C. § 109(h) and that there were no approved credit counselors capable of providing counseling to a family farmer.

Following a hearing on March 23, 2006, the Court entered an order requiring counsel for the debtor and the U.S. Trustee to contact the approved credit counselors for the Eastern District of Michigan and investigate whether any approved credit counselors are able to provide effective pre-filing counseling to a family farmer. The order further indicated that if any credit counselors are so capable, the debtor's motion to excuse credit counseling would be denied. If none are so capable, the debtor's motion would be granted.

On April 6, 2006, the debtor filed this motion for reconsideration on credit counseling. The debtor attached responses to his inquiry received from credit counseling agencies. Of the eight responses

received, seven agencies indicated that their services would be beneficial to a family farmer. One agency indicated that more information was required. Thus, the debtor's motion for an order waiving credit counseling requirements was denied.

In support of his motion for reconsideration, the debtor argues that the language of § 109(h) does not contain the words "family farmer." The debtor further asserts that, contrary to §§ 1328 and 727, section 1228 does not include a debtor education requirement.

## II.

This motion is to be decided pursuant to Local Bankruptcy Rule 9024-1(c), which provides:

> Generally and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof.

LBR 9024-1(c).

One of the primary amendments enacted by the BAPCPA was a new eligibility requirement for individual debtors. Specifically, § 109(h)(1) states that, as a general rule, an individual debtor must receive a briefing regarding available credit counseling and a budget analysis during the 180 days preceding the date of filing.

Section 101(18)(A) defines a family farmer, in part, as an individual engaged in a farming operation. Bogedain qualifies as a family farmer. Further, as an individual debtor, he is required to comply with § 109(h).

The debtor has presented the same arguments previously rejected by the Court. Accordingly, his motion for reconsideration is denied.

It is so ordered.

Not for Publication

**Entered: April 11, 2006**

                                                   /s/ Steven Rhodes
                                                   **Steven Rhodes**
                                                   **Chief Bankruptcy Judge**